**In the United States District Court
for the District of Kansas**

———————

Case No. 5:19-cr-40081-TC

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

BOUNSOUAY KHANYA,

*Defendant*

———————

**MEMORANDUM AND ORDER**

Bounsouay Khanya moves to suppress evidence discovered during a search of a vehicle that he was driving. Doc. 159. He contends that officers violated the Fourth Amendment by stopping the vehicle and initiating a search without reasonable suspicion. *Id.* For the following reasons, Khanya's motion is denied.[1]

**I**

**A**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Searches and seizures—of people, their homes, and their personal property—are

---

[1] At Khanya's direction, his attorney also filed a motion to withdraw and to appoint substitute counsel, Doc. 90. At a hearing on November 10, 2021, Khanya indicated that the motion stemmed from his wish to file a motion to suppress. *See* Doc. 155. Considering that Khanya has been afforded the opportunity to file a motion to suppress, the motion to withdraw, Doc. 90, is hereby denied.

1

presumed unreasonable when conducted without a warrant. *Id.*; *United States v. Karo*, 468 U.S. 705, 717 (1984).

There are exceptions to the warrant requirement. *See Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). One such exception is the plain-view doctrine. *Horton v. California*, 496 U.S. 128, 133–34 (1990). It permits an officer to seize evidence without a warrant if the officer observes the evidence from a place in which he or she is lawfully present, the evidence's incriminating nature is immediately apparent, and the officer has a lawful means of accessing the evidence. *United States v. Angelos*, 433 F.3d 738, 747 (10th Cir. 2006).

As it relates to vehicle stops and seizures, officers that stop a car and detain its occupants for investigatory purposes is a seizure within the ambit of the Fourth Amendment. *United States v. Hensley*, 469 U.S. 221, 226 (1985). Nonetheless, officers may "conduct an investigatory stop if they have a 'reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with'" a crime in progress or a completed felony. *Poolaw v. Marcantel*, 565 F.3d 721, 736 (10th Cir. 2009) (quoting *United States v. Moran*, 503 F.3d 1135, 1141–43 (10th Cir. 2007)). To determine whether officers had reasonable suspicion, courts "examine the events that occurred leading up to the stop to determine whether the 'historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion.'" *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). This level of suspicion "is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Kansas v. Glover*, 140 S. Ct. 1183, 1187 (2020) (internal quotation marks and citations omitted).

Further, when officers have probable cause, they need not "obtain a warrant prior to searching [a] car for and seizing contraband." *Florida v. White*, 526 U.S. 559, 563–64 (1999). This is so because automobiles afford ready mobility and reduced expectations of privacy, meaning they are entitled to fewer Fourth Amendment protections than other types of property. *California v. Carney*, 471 U.S. 386, 390–93 (1985); *see also United States v. Mercado*, 307 F.3d 1226, 1228 (10th Cir. 2002). As a result, officers may search a "readily mobile" vehicle when "probable cause exists to believe it contains contraband." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996).

2

**B**

**1.** In the early morning of May 10, 2019, a woman notified the Lawrence, Kansas, 911 dispatch of gun shots from the vehicle in front of her.[2] Doc. 159 at 1. The woman was leaving work at the Paradise Saloon, an adult entertainment venue. Doc. 162 at 2. She described the vehicle as a dark sedan and claimed to recognize the two men because she had danced for them just prior to closing. Doc. 159 at 1; Doc. 162 at 2. One was a Black male in a black hoodie, and the other was an Asian male in a red shirt. Doc. 162 at 2.

The 911 caller followed the car until she stopped at a gas station. At that point, the car turned around and pulled into the gas station next to her driver side window. Doc. 162 at 2. Frightened, the witness left the gas station and returned to the Paradise Saloon, where she met with deputies from the Douglas County Sheriff's Office. *Id.*

The deputies reviewed video footage at the Paradise Saloon, identifying a dark vehicle and two men who matched the description the caller gave to dispatch. Doc. 162 at 2. Paradise Saloon employees identified the men as Antonio Brown and Bounsouay Khanya. *Id.* When the deputies looked around the area where the eyewitness claimed she heard shots, they discovered shell casings consistent with shots fired from the passenger side of a vehicle. *Id.* at 3.

Shortly after the reports of shots fired, two Lawrence Police Department officers observed a dark Chevrolet Malibu matching the suspect vehicle's description. Doc. 159 at 1; Doc. 162 at 3. They followed the car. After an odd route, it came to a stop, and two men got out. The officers pulled up behind the car and approached, noticing that the men matched the 911 caller's descriptions from earlier. Khanya, who had been driving, alleges that he and Brown continued walking away from the officers and the parked vehicle. Doc. 159 at 1.

The officers stopped Khanya and began asking him questions. Doc. 159 at 1. Brown joined in, asking why the officers were harassing the two men. *Id.* Meanwhile, another officer looked through the

---

[2] The facts listed here are from the parties' briefs. Given the level of agreement between the parties on material details of the encounter, there is no need for an evidentiary hearing. *See United States v. Mathews*, 928 F.3d 968, 978 (10th Cir. 2019).

Malibu's windows with a flashlight and saw a pistol handle between the passenger seat and the door. *Id.* at 2. After discovering the firearm, the officers arrested Brown and Khanya and conducted pat downs of both. Doc. 162 at 3. Khanya's pat down revealed a large amount of cash and several bags of controlled substances. Doc. 159 at 2.

Officers placed Khanya and Brown in separate patrol cars and then entered the Malibu to retrieve the firearm. Doc. 162 at 3–4. As they opened the car door, they noted a strong odor of marijuana. *Id.* Inside the car on the floorboard of the driver's side, they found an open backpack with a large amount of marijuana, methamphetamine, and two bundles of money. Doc. 159 at 2. The officers also searched the trunk and found another backpack with more drug paraphernalia. *Id.*

**2.** A grand jury returned an indictment against both men, charging them with possession with intent to distribute methamphetamine and possession with intent to distribute cocaine. Doc. 1; *see* 21 U.S.C. § 841(a)(1). Brown pled guilty to a superseding information and is serving a 48-month sentence. Doc. 143.

Khanya has not been satisfied with his attorneys. He is on his third court-appointed attorney. *See* Docs. 30, 56, 90. And this attorney has, at Khanya's direction, filed a motion to withdraw. Doc. 90. After the first hearing on that motion, Khanya was ordered to complete a psychological examination. Doc. 95. Upon receipt of that report, Doc. 122, another hearing was held pursuant to *Faretta v. California*, 422 U.S. 806 (1975). During that hearing it became clear that Khanya was dissatisfied with his attorneys' repeated refusal to file a suppression motion that he believed meritorious. Doc. 155. As a result, Khanya was given a limited opportunity to file a pleading providing his basis for suppression. *Id.*; *see also Anders v. California*, 386 U.S. 738, 744 (1967) (concerning counsel's options when legal arguments appear wholly frivolous).

Khanya's motion seeks the suppression of all evidence that the officers seized during the encounter. He contends that the officers lacked reasonable suspicion to stop and question the two men, Doc. 159 at 2, that the officers violated the Fourth Amendment by viewing the inside of the car and seizing the firearm, *id.* at 3, and that the search of the vehicle after opening the car door required a warrant, *id.* at 5.

## II

Khanya's motion to suppress is denied. The officers, armed with an eyewitness statement supported by video evidence, had more than reasonable suspicion to stop Brown and Khanya to investigate the shooting. Once the officers saw the gun in that vehicle, they had authority to seize it. And while obtaining the gun, they smelled marijuana, which provided probable cause to search the vehicle where the remaining contraband was located.

### A

Khanya argues that the officers lacked reasonable suspicion to stop him and Brown. Doc. 159 at 2. He is incorrect.

Based on the totality of the circumstances, the officers had reasonable suspicion to stop Khanya and Brown to ask about their involvement, if any, in the shooting that had just occurred near the Paradise Saloon. *See generally Kansas v. Glover*, 140 S. Ct. 1183, 1187 (2020). The witness to the shooting reported to 911 that she had just seen the passenger of the vehicle fire the shots, and she described both the car and the men in it, based in part on her recent interactions with them. *Cf. Navarette v. California*, 572 U.S. 393, 399–400 (2014) (crediting anonymous caller for purposes of reasonable suspicion because the caller witnessed the crime, called shortly after the crime, and reported via a 911 system that could identify and trace callers). Security video from the Paradise Saloon fully corroborated the caller's descriptions of the vehicle and men. Finally, officers located a vehicle that matched the description and video evidence near the scene of the shooting. Brown and Khanya were in it. Combined, this was sufficient for officers to reasonably suspect that Brown and Khanya were connected with the shooting. *See Navarette*, 572 U.S. at 397–99.

### B

Khanya also argues that the officers violated the Fourth Amendment when they peered into the car, observed the gun, and then seized it without a warrant. Doc. 159 at 3. Again, he is wrong.

The plain-view doctrine permits the officers' conduct here. That doctrine allows law enforcement to seize evidence of a crime that is in plain view when the officers are lawfully present, there is probable cause to believe the item is contraband or evidence of a crime, and the

officers had a lawful right of access to it. *See Texas v. Brown*, 460 U.S. 730, 738 (1983); *see also United States v. Angelos*, 433 F.3d 738, 747 (10th Cir. 2006). That is, as noted above, what happened here. Locating a handgun on the passenger side of the vehicle gave the officers probable cause to believe at least one of the defendants committed the crime of unlawfully discharging a firearm, *see* K.S.A. § 21-6308, and were entitled to seize it without a warrant. *Brown*, 460 U.S. at 738 ("The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity."); *see also Pennsylvania v. Labron*, 518 U.S. 939, 940 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."); *United States v. Mercado*, 307 F.3d 1226, 1231 (10th Cir. 2002) (finding the warrantless search was permissible even though the vehicle was at the repair shop).[3]

## C

Khanya finally argues that the search of the vehicle for items other than the plainly visible firearm—*i.e.*, the drugs and paraphernalia—also violated the Fourth Amendment. Doc. 159 at 6. Once again, he is wrong.

When the officers opened the door to seize the gun, they smelled marijuana. That smell gave them probable cause to search the automobile for evidence of drug possession. *See Angelos*, 433 F.3d at 747; *see also United States v. Rhiger*, 315 F.3d 1283, 1290 (10th Cir. 2003). At this point, with probable cause now established, the officers were free to search the vehicle. *Labron*, 518 U.S. at 940. This included searching the car's compartments and any containers or bags in the car that could contain evidence of drug possession—like the backpack on the floor or the one in the trunk.

---

[3] At a prior hearing and in his motion, Khanya has suggested that *Horton v. California*, 496 U.S. 128 (1990), establishes that the officers' conduct was unlawful. *See, e.g.*, Doc. 159 at 3–7, 10; Doc. 163 at 2–3. But *Horton* hurts, not helps, Khanya's argument: it held that the warrantless seizure of an item in plain view did not violate the Fourth Amendment. *See* 496 U.S. at 142 (rejecting the argument that inadvertence of discovery was a necessary condition of the doctrine).

## III

For the foregoing reasons, Khanya's Motion to Suppress, Doc. 159, is DENIED.

It is so ordered.

Date: March 7, 2022                    s/ Toby Crouse
                                       Toby Crouse
                                       United States District Judge

7